# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL KELLY, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. 3:16-cv-01672 |
| ) | Judge Aleta A. Trauger |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM & ORDER

Before the court is Michael Kelly's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. No. 1), augmented by the Supplemental Brief (Doc. No. 11) filed on his behalf following the appointment of counsel. Kelly seeks to vacate and reduce the sentence entered upon his criminal conviction in *United States v. Kelly*, No. 3:10-cr-00191 (M.D. Tenn. Mar. 1, 2011) (Am. Judgment) (Haynes, J.), under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).

Kelly was indicted in July 2010 on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). He later pleaded guilty to that charge. Following a sentencing hearing held on February 24, 2011, the court sentenced him to 180 months to run concurrently with any outstanding state sentence. The Sixth Circuit affirmed. *United States v. Kelly*, No. 11-5326 (6th Cir. Feb. 2, 2012).

The district court was required to impose a mandatory minimum sentence of 180 months, because Kelly qualified as an armed career criminal for purposes of the ACCA. As noted in his Presentence Report, his status as an armed career criminal rested on three prior convictions for

Tennessee aggravated robbery in 1996 and 1997. Kelly now argues that his prior convictions no longer qualify as "violent felonies" under *Johnson*.

The ACCA provides in relevant part as follows:

(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony . . . , such person shall be fined under this title and imprisoned not less than fifteen years . . . .

(2) As used in this subsection—

. . . .

>    (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that—
>
>    (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
>    (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. § 924(e).

In *Johnson v. United States*, the Supreme Court struck down the ACCA's so-called residual clause, 18 U.S.C. § 924(e)(2)(B)(ii) ("or otherwise involves conduct that presents a serious potential risk of physical injury to another"), as unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557. The Supreme Court determined that the residual clause is so vague that it "denies fair notice to defendants and invites arbitrary enforcement by judges." *Id.* Subsequently, the Court held that *Johnson* was "a substantive decision and so has retroactive effect . . . in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

Kelly now argues that he is entitled to sentencing relief under *Johnson* because his three predicate convictions for Tennessee aggravated robbery only qualify as violent felonies under the now-unconstitutional "residual clause" of the ACCA. He acknowledges that the Sixth Circuit has held that Tennessee robbery qualifies as a crime of violence under the use-of-force clause of the

ACCA, § 924(e)(2)(B)(i), but maintains that recent opinions from other circuits have called into doubt the "continued viability" of the Sixth Circuit's ruling. (Doc. No. 11, at 3.) He therefore seeks to preserve the issue for purposes of pursuing an appeal.

The Sixth Circuit has unequivocally held that Tennessee robbery qualifies as a violent felony under § 924(e)(2)(B)(i). *United States v. Mitchell*, 743 F.3d 1054, 1059 (6th Cir. 2014). In *United States v. Lester*, 719 F. App'x 455, 458 (6th Cir. 2017), the court reaffirmed that the Tennessee robbery statute, Tenn. Code Ann. § 39-13-401, "categorically required the use, attempted use, or threatened use of violent physical force and is therefore a predicate offense under the ACCA." In addition, the court concluded that *Mitchell* compelled the conclusion that aggravated robbery is also a violent felony:

> If . . . a mine-run robbery under Tennessee law always involves violent physical force, then its aggravated counterpart—the same crime, but committed with a deadly weapon or resulting in serious bodily injury—must also involve violent physical force. Tennessee aggravated robbery is therefore a "violent felony" under the use-of-force clause of the ACCA.

*Id.* at 458 (citing *Mitchell*, 743 F.3d at 1058–60); *see also United States v. White*, 768 F. App'x 428, 431 (6th Cir. Apr. 5, 2019) (holding that Tennessee aggravated robbery is a violent felony, citing *Mitchell* and *Lester*).

The court in *Lester* also rejected the argument that recent legal developments required reconsideration of the question, specifically holding that the continuing viability of *Mitchell* was unaffected by *Mathis v. United States*, 136 S. Ct. 2243 (2016), in which the Supreme Court held that Iowa's burglary statute was not a predicate offense under the ACCA. In *White*, the court noted that the Supreme Court's decision in *Stokeling v. United States*, 139 S. Ct. 544 (2019), holding that Florida robbery is a violent felony under the ACCA, further undercut the defendant's argument in that case that recent developments called *Mitchell* into doubt. *White*, 768 F. App'x at 431 n.1.

This court is bound by *Mitchell* and persuaded by *Lester* and *Stokeling* that it was correctly decided. Kelly is not entitled to relief.

## Conclusion and Order

For the reasons set forth herein, the Motion to Vacate is **DENIED**.

Rule 22 of the Federal Rules of Appellate Procedure provides that an appeal of the denial of a § 2255 motion may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2255 Proceedings requires that a district court issue or deny a COA when it enters a final order. Because the court finds that the applicant has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the court hereby **DENIES** a COA. The movant may, however, seek a COA directly from the Sixth Circuit Court of Appeals. Fed. R. App. P. 22(b)(1).

This is the final Order in this case. The Clerk shall enter judgment. Fed. R. Civ. P. 58.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge